**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| XENE INNOVATIONS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>*Defendant.* | Civil Action No.: 2:25-cv-00753 (EWH-RJK)<br><br>Jury Trial Demanded |

**BOEING'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE XENE'S SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

**I. INTRODUCTION** .......... **1**

**II. FACTUAL BACKGROUND** .......... **2**

**III. ARGUMENT** .......... **4**

A. Xene's Second Amended Complaint Should Be Stricken as Untimely. .......... 4

1. Xene's Right to Amend as a Matter of Course Expired in February 2026 .......... 5

2. Xene's First Amended Complaint Exhausted Any Xene Right Under Rule 15(a)(1)(B) .......... 9

B. Xene's Second Amended Complaint Is Improper Under the Court's Scheduling and Pretrial Order .......... 10

**IV. CONCLUSION** .......... **12**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Tops Markets, LLC*,
C.A. No. 21-753, 2023 WL 4828029 (W.D.N.Y. July 7, 2023)....9

*Blain v. State Univ. of New York*,
C.A. No. 22-3022, 2024 WL 3203182 (E.D.N.Y. June 27, 2024)....9

*Cecil v. Hamrick*,
No. 7:23-CV-00507, 2025 WL 908811 (W.D. Va. Mar. 25, 2025)....7

*Davis v. Sedgwick Claims Mgmt. Servs. Inc.*,
C.A. No. 21-7090, 2023 WL 6150009 (S.D.N.Y. Aug. 30, 2023)....8

*Evans v. Dart*,
No. 22-CV-222, 2023 WL 3568685 (N.D. Ill. May 19, 2023)....1, 7, 8

*Faulconer v. Centra Health, Inc.*,
808 Fed. App'x 148 (4th Cir. 2020)....11

*Gaston v. Caugherty*,
C.A. No. 14-1436, 2015 WL 8601232 (W.D. Pa. Dec. 14, 2015)....9

*Gilman & Bedigian, LLC v. Sackett*,
337 F.R.D. 113 (D. Md. 2020)....7

*Laber v. Harvey*,
438 F.3d 404 (4th Cir. 2006) (en banc)....4

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)....10

*Lath v. City of Manchester*,
C.A. No. 17-75, 2017 WL 2385480 (D.N.H. May 9, 2017)....9

*McKenna v. Bristol Va. City Police Dep't*,
Case No. 1:22-cv-00002, 2022 WL 614031 (W.D. Va. Mar. 2, 2022)....7

*Montgomery v. Anne Arundel County*,
182 Fed. App'x 156 (4th Cir. May 3, 2006)....11

*Nourison Rug Corp. v. Parvizian*,
535 F.3d 295 (4th Cir. 2008)....11, 12

*Ormsby v. Nexus RVs, LLC*,
C.A. No. 19-626, 2020 WL 2045781 (N.D. Ind. Apr. 28, 2020)....................9

*Parks v. Liberty Ins. Corp.*,
C.A. No. 17-503, 2017 WL 11457907, at *4 (D.S.C. May 18, 2017) ....................7

*Rassoull v. Maximus, Inc.*,
209 F.R.D. 372 (D. Md. 2002)....................12

*Savignac v. Jones Day*,
341 F.R.D. 120 (D.D.C. 2022)....................8

*Sosa v. Prince William-Manassas Regional Adult Detention Center*,
C.A. No. 24-499, 2024 WL 2261942 (E.D. Va. May 17, 2024)....................6, 7, 8, 10

*U.S. ex rel. Carter v. Halliburton Co.*,
144 F. Supp. 3d 869, 877–79 (E.D. Va. 2015) ....................6

**Rules**

Fed. R. Civ. P. 12....................5, 6

Fed. R. Civ. P. 15.................... *passim*

Fed. R. Civ. P. 16....................10, 11, 12

# I. INTRODUCTION

Plaintiff Xene Innovations, LLC ("Xene") has now filed three versions of its Complaint in this lawsuit, the first on November 17, 2025, the second on July 1, 2026, and the third just last week on August 5, 2026. Defendant The Boeing Company ("Boeing") has already moved to dismiss the first two versions of Xene's Complaint. This Court denied Boeing's first motion as moot after granting Xene's motion to file its First Amended Complaint, but Boeing's second motion to dismiss is still pending. Xene plainly hopes to moot the second motion as well with the last-minute surprise filing of its Second Amended Complaint. Enough is enough. This Court should reject Xene's latest attempt to salvage its vague and meritless Complaint as untimely under Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4).

According to Xene, F.R.C.P. 15(a)(1) "expressly permits us to amend our relevant pleading … once as a matter of course." Ex. 1 at 4 (August 7, 2026, Email from A. Healy). This position is belied by a plain reading of Rule 15 and flies in the face of the Advisory Committee Notes, case law, and logic. Under Xene's view, a party may seek leave from the Court or receive opposing parties' consent to file an uncontroversial amended complaint only to smuggle otherwise impermissible amendments into its pleading much later, rendering the specifically prescribed deadlines under Rule 15 a mere suggestion. The case law Xene has cited for this purported understanding thus rightfully rejects this interpretation for what it is: a rationale that "would permit a plaintiff to circumvent the safeguarding function of Rule 15(a)(2) … ***to the point of absurdity***."[1] *Evans v. Dart*, No. 22-CV-222, 2023 WL 3568685, at *3 (N.D. Ill. May 19, 2023) (cleaned up). Accordingly, courts both within and without this District have found that any amended complaint,

[1] Unless otherwise indicated, emphasis is added.

including one filed under Rule 15(a)(2), extinguishes a party's right to a successive amendment as a matter of course. Xene, having exhausted its right to amend its complaint as a matter of course, may not amend its complaint again—long after the deadlines set by the Rules and this Court's Scheduling and Pretrial Order—without showing good cause. There is none.

Xene's dilatory motive for filing its amendment is wholly improper. Xene based this case on its assumption that Boeing's 787 and 777X aircraft must be made using some Boeing patents that Xene argued were similar to Xene's patent related to a process based on use of "thermally expandable foamable microcapsules." That assumption was unfounded. It was based on nothing more than the mere existence of the Boeing patents. Xene's complaint and even its infringement contentions identified no connection between those patents and the 787 or 777X. Xene's assumption was also incorrect. It has been disproven by Boeing's two unrebutted declarations and hundreds of thousands of pages of manufacturing documentation that show no foamable microcapsules are used to make those aircraft. Rather than dismissing its case or opposing Boeing's motion to dismiss on the merits, Xene's amendment is designed to delay resolution while it pursues an ever-widening fishing expedition in search of a case.

The Court should reject Xene's dilatory tactics and strike Xene's Second Amended Complaint, rendering Xene's First Amended Complaint—which Boeing moved to dismiss three weeks ago—the operative pleading.

## II. FACTUAL BACKGROUND

Xene filed its Complaint alleging Boeing's infringement of U.S. Patent No. 11,806,584 on November 17, 2025. Dkt. 1. On January 12, 2026, Boeing filed a motion to dismiss Xene's Complaint for failure to state a claim ("First MTD"). Dkt. 20. Xene opposed Boeing's First MTD,

*see* Dkt. 29, and did not seek to amend its Complaint within the 21 days following Boeing's First MTD.

Briefing on Boeing's First MTD concluded on February 2, 2026, approximately four months before Xene moved to amend its complaint for the first time as discussed below. Dkt. 30. The Court did not decide Boeing's First MTD during this time.

On May 11, 2026, the Court entered a Scheduling and Pretrial Order accepting the parties' joint proposal that "[a]ny motions to amend pleadings . . . shall be filed not later than May 29, 2026." Dkt. 43 ¶ 2; *see also* Dkt. 33 ¶ 2 (Joint Proposed Discovery Plan).

On that very last day for "motions to amend" stated in the Scheduling Order, May 29, 2026, Xene filed a motion for leave to file its First Amended Complaint. Dkt. 44. Xene's memorandum in support of its motion leveraged this May 29, 2026, deadline to argue that Xene's amendment should be allowed and that it "need not show good cause." Dkt. 44, 45 at 6 ("Xene's motion is also timely. The Court's…Order provides that 'any motions to amend pleading…shall be filed not later than May 29, 2026. This motion complies with that deadline such that Xene need not show good cause under …[Rule] 16(b)(4)."). Xene also argued there was no prejudice because "Boeing's motion to dismiss has been fully briefed since February 2, 2026, but remains pending." Dkt. 45 at 6.

On July 1, 2026, the Court granted Xene's motion to amend and denied Boeing's First MTD as moot, ordering Boeing "to file a responsive pleading to the Amended Complaint within 21 days." Dkt. 84 at 5. Xene's First Amended Complaint was filed the same day. Dkt. 85. At the time of filing Xene's First Amended Complaint, Xene did not indicate to Boeing or the Court that it needed or intended to further amend its First Amended Complaint.

When granting Xene's motion to amend, the Court's Order stated: "A plaintiff 'may amend his complaint only by leave of the court or by written consent of the defendant.'" Dkt. 84 (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (citing Fed. R. Civ. P.15(a))).

On July 22, 2026, Boeing filed a motion to dismiss Xene's First Amended Complaint ("Second MTD"). Dkt. 96. Xene's response to this motion to dismiss was due August 5, 2026. But instead of filing an opposition to Boeing's motion, Xene filed its Second Amended Complaint. Dkt. 117. Xene did not request or obtain leave of the Court for this amendment. Xene also did not request or receive Boeing's consent.

In response to Boeing's request for Xene's basis for filing its Second Amended Complaint, Xene indicated that it filed its Second Amended Complaint "pursuant to F.R.C.P. 15(a)(1), which expressly permits us to amend our relevant pleading (i.e., our first amended complaint) once as a matter of course." Ex. 1 at 4 (August 7, 2026, Email from A. Healy).

Discovery is ongoing; pursuant to the Court's Scheduling and Pretrial Order, the parties have exchanged preliminary infringement and invalidity contentions as well as proposed claim terms to be construed. The deadline for substantially complete document production is September 15, 2026, and fact discovery is set to close on November 13, 2026. Dkt. 43, ¶¶21, 22.

## III. ARGUMENT

### A. Xene's Second Amended Complaint Should Be Stricken as Untimely.

A plaintiff's ability to amend its complaint before trial is dictated by Fed. R. Civ. P. 15(a), which provides:

> (1) *Amending as a Matter of Course.* A party may amend its pleading ***once*** as a matter of course ***no later than***:
>
> (A) 21 days after serving it, or

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In ***all other cases***, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Pursuant to this Rule, Xene's right to amend its complaint as a matter of course has been extinguished for two different reasons: First, far more than 21 days have lapsed since Boeing served its First MTD and, second, Xene has "amend[ed] its pleading once" already. Fed. R. Civ. P. 15(a)(1).

Furthermore, Xene has not sought to amend its complaint under Rule 15(a)(2), nor could it plausibly do so, as the May 29, 2026, deadline for "any motions to amend pleading[s]," has passed. Dkt. 45 at 2. Nevertheless, Xene filed its Second Amended Complaint without notice or authorization and without making any attempt to show the requisite good cause for its improper and untimely amendment. The Court should strike Xene's Second Amended Complaint under Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4).

#### 1. Xene's Right to Amend as a Matter of Course Expired in February 2026

Xene's right to amend its Complaint as a matter of course under Rule 15(a)(1)(B) was confined to the 21-day window following Boeing's ***first*** "responsive pleading" or "motion under Rule 12(b), (e), or (f), ***whichever is earlier***." Fed. R. Civ. P. 15(a)(1)(B). Boeing's First MTD was filed January 12, 2026. Dkt. 20. So Xene's 21-day window closed on February 2, 2026.

Following amendments to Rule 15(a)(1) in 2009, the Rule provides plaintiffs with a single, 21-day window to amend their complaint as a matter of course. The Advisory Committee Notes explain that Rule 15(a)(1)(B) provides a single 21-day window for amendment as a matter of

course, triggered by the ***first*** responsive pleading or designated motion: "the right to amend once as a matter of course terminates 21 days after service of ***a*** motion under Rule 12(b)" or "***a*** responsive pleading." Fed. R. Civ. P. 15 Advisory Committee Notes on the 2009 Amendment. These periods "are not cumulative:" "[i]f a responsive pleading is served after ***one*** of the designated motions . . . there is no new 21-day period." *Id.* This 21-day, one-time right to amend under Rule 15(a)(1) is designed to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the [Rule 12] motion," with the goal of "avoid[ing] the need to decide the motion or reduc[ing] the number of issues to be decided." *Id.*

The District Court for the Eastern District of Virginia and other courts in the Fourth Circuit have embraced the Advisory Committee's explanation of Rule 15(a)(1)(B). In *U.S. ex rel. Carter v. Halliburton Co.*, for example, the court rejected an attempt to amend under Rule 15(a)(1)(B) because the plaintiff had not amended until after the defendant had filed its ***second*** motion to dismiss and the 21-day period following defendant's ***first*** motion to dismiss had lapsed. 144 F. Supp. 3d 869, 877–79 (E.D. Va. 2015). The court explained, relying on the Advisory Committee Notes to the 2009 amendment, that "a party does not get multiple 21-day periods to amend." *Id.* at 878.

When asked for its basis for presuming it could file its Second Amended Complaint at such a late date without leave of this Court, Xene adverted to *Sosa v. Prince William-Manassas Regional Adult Detention Center*, C.A. No. 24-499, 2024 WL 2261942 (E.D. Va. May 17, 2024), but that case offers no support for Xene's maneuver here. In *Sosa*, the plaintiff filed its complaint in ***state*** court and amended it with the state court's leave for the first time before any defendant had been ***served***. *Id.* at *1. The plaintiff also filed its second amended complaint "within 21 days after the **first** motion to dismiss was filed." *Id.* at *1. Here, in contrast, Xene's "Second Amended

Complaint" was filed after the defendant's ***second*** motion to dismiss, ***over six months after the first motion to dismiss was filed***, and more than two months after the deadline for amendments set by this Court's Scheduling Order. The timeliness of the plaintiff's amendment in relation to the defendant's ***first*** motion to dismiss was plainly essential to Magistrate Judge Porter's narrow decision in *Sosa*. *See id.* at *2 (noting case law "d[id] not aid this Court in its analysis because it is silent on facts this Court concludes are important, such as whether the complaint was amended for the first time ***before it was served*** or in response to a motion to dismiss"); *see also id.* at *4 (noting requirement of leave to amend in *McKenna v. Bristol Va. City Police Dep't,* Case No. 1:22-cv-00002, 2022 WL 614031 (W.D. Va. Mar. 2, 2022), was consistent with the court's decision because "the plaintiff [in *McKenna*] was granted leave to file his amended complaint in state court after the complaint had been served and ***after the defendant*** had filed . . . the Virginia state court equivalent of ***a motion to dismiss***").[2]

Accordingly, *Sosa* cited with approval the Northern District of Illinois's decision in *Evans v. Dart*, which expressly rejected an argument similar to that advanced by Xene and ***granted*** the

[2] Case law cited by *Sosa* similarly offers Xene no support. In *Parks v. Liberty Ins. Corp.*, the plaintiff filed its first amended complaint ***before*** the first motion to dismiss was filed. C.A. No. 17-503, 2017 WL 11457907, at *4 (D.S.C. May 18, 2017); *see* Ex. 1 at 1, 4. The same was true, as *Sosa* emphasized, in *Gilman & Bedigian, LLC v. Sackett*, where "[a] day ***before*** the defendant's [first] responsive pleading was due, the plaintiff sought—and was granted—leave of court to file a first amended complaint." *Sosa*, 2024 WL 2261942, at *3. Thus, the *Gilman* plaintiff's second amendment was filed within "21 days after service of" the ***first*** motion to dismiss. *Id.* at *3 ("[T]he Court finds important the core concept in Rule 15(a)(1) that a party should have a right to amend a pleading *one time* as a matter of right *after* a motion to dismiss has been *served.*" (emphases in original)); *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 114–15 (D. Md. 2020). Finally, in *Cecil v. Hamrick*, the court explained that "the first amended complaint was filed before any of the defendants were served or had appeared in this action," therefore the court allowed a second amended complaint within 21 days after service of motions to dismiss. *Cecil v. Hamrick*, No. 7:23-CV-00507, 2025 WL 908811, at *1 (W.D. Va. Mar. 25, 2025).

defendant's motion to strike. The *Evans* court explained that Rule 15(a)(1)(B) "arguably embraces two possible interpretations," under which either "[a]t the end of [that provision's] 21-day period, . . . the right to amend as a matter of course expires once and for all" or "a right to amend as of course . . . ***revives with each new version of the complaint, so long as the plaintiff has not previously exercised her right to amend as of course***." 2023 WL 3568685, at *3 (cleaned up). Xene's position[3] advances the second interpretation. *See* Ex. 1 at 4 (August 7, 2026, Email from A. Healy) ("FRCP 15(a)(1) … expressly permits us to amend our relevant pleading (i.e., our first amended complaint) once as a matter of course.").

*Evans* rejected the second interpretation, 2023 WL 3568685, at *3, and was far from an outlier in doing so. *See, e.g.*, *Davis v. Sedgwick Claims Mgmt. Servs. Inc.*, C.A. No. 21-7090, 2023 WL 6150009, at *12 (S.D.N.Y. Aug. 30, 2023) (Rule 15(a)(1) does not "furnish[] a plaintiff with a potentially inexhaustible right to amend 'as a matter of course' that, like an ace in the hole, she can keep in reserve during multiple amendment cycles."); *Savignac v. Jones Day*, 341 F.R.D. 120, 127 (D.D.C. 2022) (concluding that "the object of Rule 15(a) amendment is 'the complaint' in a general sense," as a plaintiff could otherwise "amend her complaint indefinitely").

Unlike the plaintiff in *Sosa* but like the plaintiff in *Evans*, Xene was given an opportunity to "amend [its] complaint as a matter of course in response to a motion to dismiss" after Boeing filed its First MTD. *Sosa*, 2024 WL 2261942, at *4. Xene declined to exercise that right before

---

[3] During the parties' meet and confer, and memorialized thereafter, Boeing sought clarity that Xene was not advancing a position that "***every*** complaint filed by Xene renews a right under Rule 15(a)(1) to amend as a matter of course, such that, for example, Xene could again exercise a right to amend as a matter of course after Boeing responds to its second amended complaint." Ex. 1 at 3 (August 10, 2026, Email from K. Tripathi). At the time of filing this brief, Xene has still not confirmed its position, suggesting Xene's view of Rule 15 does not exclude a potentially endless cycle of complaints amended without Boeing's consent or leave from the Court.

February 2, 2026, and the Rules do not allow Xene to keep it in reserve "like an ace in the hole" to moot later motions at its convenience. Xene's opportunity to amend as of right has long expired.

**2. Xene's First Amended Complaint Exhausted Any Xene Right Under Rule 15(a)(1)(B)**

Even if Xene's right to amend under Rule 15(a)(1) had not lapsed in February 2026 (which it did), Xene's First Amended Complaint, filed on May 29, 2026, surely exhausted it.

Courts in the First, Second, Third, and Seventh Circuits have found that a motion to amend under Rule 15(a)(2) exhausts the plaintiff's ability to subsequently amend its complaint as a matter of right. *See, e.g.*, *Blain v. State Univ. of New York*, C.A. No. 22-3022, 2024 WL 3203182, at *1 (E.D.N.Y. June 27, 2024) ("The crux of Plaintiff's motion is whether she exhausted her right to amend her complaint as a matter of course under Rule 15(a)(1) when she amended her complaint by consent under Rule 15(a)(2). . . . The Court holds that she did."); *Adams v. Tops Markets, LLC*, C.A. No. 21-753, 2023 WL 4828029, at *2–3 (W.D.N.Y. July 7, 2023) ("[A]fter Plaintiff filed her first amended complaint [under Rule 15(a)(2)], all further amendments required Defendant's consent or leave from this Court."); *Ormsby v. Nexus RVs, LLC*, C.A. No. 19-626, 2020 WL 2045781, at *3 (N.D. Ind. Apr. 28, 2020) ("[E]ven if Plaintiffs had filed the First Amended Complaint with consent of the opposing parties under Rule 15(a)(2), their right to amend as a matter of course was still extinguished when they filed their First Amended Complaint."); *Lath v. City of Manchester*, C.A. No. 17-75, 2017 WL 2385480, at *2 (D.N.H. May 9, 2017) (explaining, after a first amendment had been filed with assent, that "[w]here plaintiff seeks to amend his complaint a second time, however, Rule 15(a)(2) allows him to do so only with the consent of the defendant(s) or with leave of court."); *Gaston v. Caugherty*, C.A. No. 14-1436, 2015 WL 8601232, at *6 (W.D. Pa. Dec. 14, 2015) (rejecting plaintiff's argument that she was entitled to amend as a matter of course where her prior amendments were with leave). Xene had no right after February

2, 2026 (21 days after Boeing's first motion to dismiss) to file an amended complaint without leave, but even if it did, Xene exhausted it by filing its First Amended Complaint.

### B. Xene's Second Amended Complaint Is Improper Under the Court's Scheduling and Pretrial Order

This Court's Scheduling Order limits Xene's ability to file the Second Amended Complaint without leave independent of Rule 15. This Court has the inherent power and the power under Rule 16 to control its docket in an orderly fashion. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). As Xene itself acknowledged, Dkt. 45 at 2, the Court's Scheduling and Pretrial Order required "[a]ny motions to amend pleadings" to be filed "not later than May 29, 2026." Dkt. 43 ¶ 2. The time for Xene to seek leave to amend its complaint has passed. Xene is bound by the Court's Scheduling and Pretrial Order, which can only be modified with the Court's leave. *See* Fed. R. Civ. P. 16(b)(4); Local Civil Rule 16(B).

Xene self-servingly relied on the May 29, 2026, Scheduling Order deadline to moot Boeing's first Motion to Dismiss. It leveraged that deadline to file its first amended complaint more than six months after it filed its first complaint and more than four months after Boeing filed its first motion to dismiss, mooting that motion and forcing Boeing to re-file while Xene has aggressively pursued discovery and driven up litigation costs.

Now, Xene pretends that same deadline for pleading amendments it stood on to defend its first amendment does not even apply to its second. When asked for Xene's basis for its Second Amended Complaint, Xene did not acknowledge that deadline or give any explanation for why it did not apply. *See* Ex. 1. It cited *Sosa*, but as already discussed, *Sosa* and the cases cited therein

did not involve any such Scheduling Order deadline for amendment, much less one that had passed after a motion to dismiss had been served.

Xene cannot and should not receive leave from the Court to file its Second Amended Complaint. First, Xene has not requested leave, and Boeing has not had any opportunity to respond to such a request. Second, should the Court accept any request for leave Xene raises for the first time in its opposition to this motion, that would only reward Xene for violating the Rules and the Scheduling Order in its improper effort to further delay the Court's decision on the sufficiency of its pleadings. Third, the Fourth Circuit has expressly acknowledged "tension within the Federal Rules of Civil Procedure between Rule 15(a) and Rule 16(b)"and concluded "[g]iven their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298–99 (4th Cir. 2008) (cleaned up) (sustaining district court's application of Rule 16(b) and declining to address finding that amendment would be futile); *see also Montgomery v. Anne Arundel County*, 182 Fed. App'x 156, 162 (4th Cir. May 3, 2006) ("Under Rule 16(b) a motion to amend a complaint filed after a scheduling order deadline shall be granted only upon a showing of 'good cause.'"); *Faulconer v. Centra Health, Inc.*, 808 Fed. App'x 148, 152 (4th Cir. 2020) (affirming use of the Rule 16(b) "good cause" standard for amendment under Rule 15(a)(2) where the deadline to amend had passed).

Here, Xene has not even attempted to show good cause exists to amend its complaint. The Fourth Circuit has consistently upheld denial of Rule 15(a)(2) motions filed after the scheduling order deadline for amendments where the movant failed to show "good cause" to amend. *See Faulconer*, 808 Fed. App'x at 152 (affirming denial of plaintiff's late-filed Rule 15(a)(2) motion

to amend where plaintiff "d[id] not argue" that it met the good cause standard); *Nourison*, 535 F.3d at 298–99 (affirming denial of defendant's Rule 15(a)(2) motion for leave to amend where "the facts did not support satisfaction of the 'good cause' standard," without assessing defendant's claim under the Rule 15(a)(2) standard); *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (denying plaintiff's untimely motion to amend where plaintiff failed "to provide the Court with *some* basis on which to judge good cause," noting plaintiff's complete failure to engage with the good cause standard "all tend to demonstrate a general lack of diligence, or at the very least, carelessness").

Instead, Xene attempts to shift its burden to show good cause onto Boeing, asking Boeing to "to articulate any prejudice it claims it would suffer from having to respond to Xene's our second amended complaint." Ex. 1 at 1 (August 11, 2026, Email from A. Healy). Nevertheless, the prejudice to Boeing is clear on its face. Boeing would be required to file a ***third*** motion to dismiss on vague and meritless claims in Xene's Complaint and Xene would be allowed to inject new theories of liability eight months after filing its original complaint and over nine weeks after the May 29, 2026, Scheduling Order deadline.

## IV. CONCLUSION

The Court should strike Xene's Second Amended Complaint as improperly filed in violation of Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4), rendering Xene's First Amended Complaint the operative pleading.

Dated: August 11, 2026

Respectfully submitted:

*/s/ Stephen E. Noona*

Stephen E. Noona (VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: 757-624-3239
Facsimile: 888-360-9092
stephen.noona@kaufcan.com

Gregg F. LoCascio, P.C. (VSB No. 38908)
Sean McEldowney
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-389-5000
gregg.locascio@kirkland.com
sean.mceldowney@kirkland.com

Amanda Hollis, P.C.
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: 312-862-2011
amanda.hollis@kirkland.com

*Counsel for Defendant, The Boeing Company*

**CERTIFICATE OF SERVICE**

I certify that on August 11, 2026, in accordance with the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served on all registered counsel of record via the Court's PACER ECF system.

*/s/ Stephen E. Noona*
Stephen E. Noona (VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: 757-624-3239
Facsimile: 888-360-9092
stephen.noona@kaufcan.com

*Counsel for Defendant, The Boeing Company*