[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| XENE INNOVATIONS, LLC,<br><br>Plaintiff,<br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | Case No. 2:25-CV-00753-EWH-RJK<br><br>[redacted] |

**PLAINTIFF XENE INNOVATIONS, LLC'S MOTION FOR EXTENSION OF TIME TO COMPLY WITH SUPPLIER-MANUFACTURING-PLAN SAMPLING DEADLINE**

Plaintiff Xene Innovations, LLC ("Xene") respectfully moves under Federal Rule of Civil Procedure 6(b)(1) for a limited extension of the September 4, 2026 deadline to identify parts for supplier-manufacturing-plan sampling under the Court's August 10, 2026 Order (Dkt. 119). Good cause exists for the requested extension. Specifically, testimony obtained through the deposition required by that Order has revealed material deficiencies in the information Boeing provided for Xene to make the informed part selections contemplated by the Court's sampling process.

The facts are compelling: Boeing's primary witness (Dr. Gwen Gross) testified that—contrary to what Boeing had represented to both Xene and this Court—[redacted] Critically, she also confirmed that [redacted] Accordingly, when asked whether she would [redacted] Dr. Gross did not mince words. She answered simply: [redacted] Ex. A ("Gross Dep. Tr."), at 147:23–24. In short, Dr. Gross confirmed that [redacted]

[redacted]

Xene immediately raised this issue with Boeing and asked it to both (1) provide a parts list of Boeing's current, existing parts and (2) agree to extend Xene's deadline to select 50 parts until after Boeing provided that list. Boeing refused. Instead, Boeing is insisting that Xene still select 50 parts by September 4th from its provided list of [redacted]—a list that Boeing's own subject-matter expert confirmed could not be used for that purpose.

When pressed for an explanation, Boeing stated that the fact that its list does not identify existing parts does not matter because, according to Boeing, nothing required it to provide a parts list that corresponded to existing parts— a position difficult to reconcile with its representations to both Xene and this Court and the very purpose of the Court-ordered sampling process. Just by way of example, in describing the very same parts list to Xene and this Court at the July 30, 2026 hearing on Xene's motion to compel, Boeing described its parts list (*i.e.*, Exhibit 11 to its opposition) [redacted]

July 30 Hr'g Tr., Dkt. 112**,** at 32:25-33:4 (statement of Boeing's counsel); *id*. at 59:12-16 (Boeing's counsel explaining [redacted].

Boeing nevertheless has refused to provide the requested existing-parts information. To the extent that does not change, Xene will be moving to compel early next week. In the meantime, though, Xene should not be required to select its sample blindly from a list that Boeing's own witness testified [redacted]

[redacted]

[redacted] Xene thus asks the Court to delay Xene's deadline to identify 50 parts until Boeing provides a parts list that actually can be used for that purpose.

**BACKGROUND**

Following the July 30, 2026 hearing on Xene's motion to compel, the Court issued an order directing the parties "to consult with one another to develop an agreed procedure for sampling a limited set of manufacturing plans maintained by Boeing for composite fiber parts manufactured by suppliers and to develop a common set of parameters to engage in such sampling, along with a timeline for the production of responsive documents and information." Dkt. 106. Per the Court's order, the parties met and conferred and subsequently filed a Proposed Joint Sampling Plan. Dkt. 118. In it, Boeing represented that it already had sent Xene on August 5, 2026, "a version of the part numbers list that identifies which part numbers are supplier-made parts." *Id*. at 1.

After considering the parties' Proposed Joint Sampling Plan, the Court thus entered an Order on August 10, 2026, adopting the parties' proposed plan. Dkt. 119. Among other things, the Order required Boeing to make Dr. Gwen Gross "available for deposition, limited to Boeing's supplier-made parts list(s) and the subject matter of her declaration, by August 28, 2026." *Id.* at 1. The Order then requires Xene to "identify up to fifty (50) part numbers from Boeing's supplier-made part list(s)" within one week of that deposition. *Id.* Boeing then must produce the manufacturing plans for the selected parts, to the extent they are within Boeing's possession, custody, or control, within three weeks of Xene's selections. *Id.* If Boeing does not possess or control a manufacturing plan for a selected part, the Order permits Xene to select up to fifteen additional part numbers within two days. *Id.*

Xene deposed Dr. Gross on August 28, 2026, in accordance with the Court's Order. Xene's deadline to identify its initial sample of up to 50 part numbers is therefore September 4, 2026.

[redacted]

## ARGUMENT

### I. GOOD CAUSE EXISTS TO EXTEND THE SAMPLING DEADLINE

Xene cannot meaningfully make its sampling selections based on the information Boeing has provided to date. The reason is plain: through the Court-ordered deposition, Xene learned that [redacted] Gross Dep. Tr. at 145:24–146:24. And critically, this is not an immaterial difference. Dr. Gross further testified that [redacted] explaining that [redacted] *Id.* at 147:8. [redacted] Dr. Gross testified that [redacted] and confirmed that [redacted] *Id.* at 147:9–22. Most tellingly [redacted] Dr. Gross answered: [redacted] *Id.* at 147:23–24.

Dr. Gross instead [redacted] She testified [redacted] *Id.* at 120:7–12. She further testified that [redacted] *Id.* at 120:12–121:4. Thus, Boeing's own witness identified both the critical deficiencies present [redacted] and confirmed that Boeing has the ability [redacted] actually required.

[redacted]

Boeing now argues that Xene already knew before agreeing to the sampling process that [redacted] Ex. D at 4. To be clear, that is not the case. There is a very big difference between [redacted] Further, Dr. Gross's deposition revealed what Boeing's careful caveat actually means: that Boeing's list cannot be used for the very purpose for which it was purportedly provided. Gross Dep. Tr. at 146:21–147:24. Again, her words speak for themselves. When asked [redacted] Dr. Gross answered: [redacted] *Id.* at 147:23–24.

The Court-ordered deposition also confirmed an unresolved issue concerning the supplier/manufacturer information relevant to the sampling process. Specifically, in addition to [redacted] July 30 Hr'g Tr., Dkt. 112, at 49:4-15 ([redacted]

Boeing now points to two documents as comprising those supplier lists: Exhibit E (BOEING_00089336) and Exhibit F (BOEING_00089338). Exhibit B at 4. To be clear, neither document is a "list" of suppliers. Boeing argues that these documents can be used to connect suppliers with certain assemblies. But Boeing has not provided information sufficient to correlate the relevant actual part numbers with the suppliers or manufacturers responsible for those parts.

[redacted]

That matters because Boeing itself relied on supplier identity when proposing the sampling process. At the July 30 hearing, Boeing explained that Xene would [redacted] July 30 Hr'g Tr. 59:1–5, Dkt. 112. Boeing then explained that [redacted] *Id.* at 59:7–11.

Boeing now takes the position that [redacted] Exhibit D at 6. That position is difficult to reconcile with Boeing's own explanation to the Court that [redacted] Nor does Boeing's suggestion that Xene should simply select any 50 parts answer the problem. The purpose of sampling is to select a meaningful sample—not 50 arbitrary entries from a spreadsheet and wait to see what turns up. That correlation is particularly important to the sampling process because the Court's Order requires Xene to select specific part numbers from Boeing's supplier-made parts list(s), after which Boeing must obtain the corresponding supplier manufacturing plans.

Xene promptly raised these issues with Boeing following Dr. Gross's deposition and has met and conferred with Boeing in an effort to resolve them. *See* Exhibit D at 11. Xene requested that Boeing provide at least a list of its carbon fiber parts so that Xene can make informed sampling selections. *Id.* at 8. Xene also specifically requested that Boeing agree to extend the September 4 sampling deadline while the parties work to resolve these issues. *Id.* On September 3, Boeing refused Xene's request and directed Xene to provide its 50 part selection by September 4. *Id.*

Boeing also contends that the existing replacement procedure eliminates any concern because Xene may select another part if Boeing does not possess or control a manufacturing plan

[redacted]

for an initially selected part. *Id.* at 4. But that provision addresses a different problem arising after Xene selects its sample—the absence of a manufacturing plan for a selected part. *See* Dkt. 119 at 1. It does not address the threshold problem revealed through Dr. Gross's testimony: whether the list from which Xene must make the initial selections provides a meaningful basis for selecting the relevant parts in the first instance. Boeing's proposed solution is effectively for Xene to select 50 parts first and determine afterward whether its selections were meaningful. That defeats the entire purpose of the sampling procedure.

Xene is continuing to endeavor to resolve the underlying discovery disputes with Boeing. In light of Boeing's September 3rd response, however, Xene anticipates seeking appropriate discovery relief from the Court next week if the parties are unable to resolve these issues in the interim. Xene does not ask the Court to decide those substantive discovery disputes through this Motion. Xene asks only that the Court extend Xene's deadline for making its parts selections until those disputes can be resolved. Requiring Xene to make its selections before it receives the information necessary to identify the relevant actual parts and associated suppliers would undermine the purpose of the Court-ordered sampling process. Xene has acted in good faith to resolve this issue with Boeing, and the brief extension requested will not prejudice Boeing. *See McMillan v. Templin*, No. CV JKB-22-1675, 2023 WL 3996477, at *4 (D. Md. June 14, 2023), *dismissed*, No. 23-1669, 2023 WL 9022679 (4th Cir. Aug. 21, 2023) ("A request for an extension made before the time expires 'normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" (citation omitted)).

Accordingly, Xene respectfully requests that the Court extend its deadline to make the sampling selections until seven (7) days after the parties resolve the outstanding discovery issues concerning the parts and supplier/manufacturer information relevant to the sampling process or, if

[redacted]

Court intervention is necessary, seven (7) days after the Court resolves those issues, or such other date as the Court deems appropriate.

The requested extension is limited to the sampling-selection deadline and will allow the parties an opportunity to resolve the underlying issues or present them to the Court while preserving the sampling procedure established by the Court.

A proposed order is submitted herewith.

Date: September 4, 2026

Respectfully submitted,

*/s/ Tara R. Zurawski*

Tara R. Zurawski
Virginia Bar No. 73602
tzurawski@bdiplaw.com
BUNSOW DE MORY LLP
277 South Washington St., Suite 210, #1088
Alexandria, VA 22314
Telephone: (703) 828-4019
Facsimile: (415) 426-4744

Andres C. Healy (admitted *pro hac vice*)
Washington Bar No. 45578
ahealy@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 505-3843
Facsimile: (206) 516-3883

Stuart E. Pollack (admitted *pro hac vice*)
New York State Bar No. 2952984
spollack@susmangodfrey.com
Rebekah G.S. Greene (admitted *pro hac vice*)
New York Bar No. 6158877
rgreene@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West

[redacted]

New York, NY 10001
Telephone: (212) 729-2059
Facsimile: (212) 336-8340

Ryan T. Weiss (admitted *pro hac vice*)
Texas State Bar No. 24107957
rweiss@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street Ste. 5100
Houston, TX 77002
Telephone: (713) 653-7833
Facsimile: (713) 654-6666

Jo Un Eom (admitted *pro hac vice*)
California Bar No. 347254
jeom@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars Ste 1400
Los Angeles, CA 90067
Telephone: (310) 789-3184
Facsimile: (310) 789-3150

***Counsel for Xene Innovations, LLC***

[redacted]

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2026, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

*/s/ Tara R. Zurawski*
Tara R. Zurawski

***Counsel for Xene Innovations, LLC***