# EXHIBIT B

## REDACTED

**From:** Tara Zurawski <tzurawski@bdiplaw.com>
**Sent:** Friday, August 28, 2026 3:24 PM
**To:** Dirks, Steven; Noona, Stephen E.; #KE-Boeing-Xene; Hollis, Amanda
**Cc:** Stuart Pollack; Ryan Weiss; Sarah Siegel; Rebekah Greene; Andres Healy; Jo Un Eom
**Subject:** RE: Xene v. Boeing

EXTERNAL Email

Steven,

We write to follow up again regarding Boeing's identification of suppliers for the supplier-made parts. As we explained during our August 24 meet and confer, the documents Boeing identified as its "supplier lists" do not provide the information Xene needs to identify the entities that manufacture or supply the specific supplier-made parts at issue. Boeing subsequently took the position that this issue was resolved by its production of [redacted] It is not.

Boeing has provided Xene with a list of parts and, separately, information identifying suppliers, but has not provided the necessary correlation between the two. There is no identification of which supplier is associated with which part. This omission is particularly significant given Boeing's position during our meet and confer that some parts are manufactured by Boeing, others by Boeing's suppliers, and still others may be manufactured by downstream suppliers that Boeing says it does not track. Without the correlation between the identified parts and the entities associated with them, Xene cannot determine which third party to subpoena for discovery concerning a particular supplier-made part.

This is no longer a hypothetical problem. Xene has now encountered this issue repeatedly in pursuing discovery from the third parties Boeing has identified. Those third parties are requesting the specific part numbers associated with them in order to identify the appropriate entity and conduct a diligent search for responsive information. The missing correlation between the suppliers and Boeing part numbers is therefore essential to Xene's ability to pursue meaningful third-party discovery.

Xene has sought this information through multiple discovery requests to Boeing, and Boeing's responses remain deficient. Boeing's citations to documents pursuant to Rule 33(d) do not cure the deficiency because the cited documents do not identify which supplier corresponds to which part. Nor is it practical or appropriate to place the burden on Xene to attempt to piece together from disparate documents which of Boeing's suppliers is associated with each part—particularly where Boeing itself distinguishes among parts it manufactures, parts manufactured by direct suppliers, and parts that may be manufactured by downstream suppliers.

The sampling process was intended to reduce Boeing's burden; it was not intended to shift to Xene the burden of determining who manufactures each sampled part. Xene's third-party discovery also seeks documents and information that Boeing does not have and that must be obtained from suppliers and downstream manufacturers. Without the basic part-to-supplier information requested from Boeing, Xene cannot effectively pursue that discovery.

To the extent Boeing has been communicating with the third parties Xene has subpoenaed, Xene requests that Boeing produce its communications with the subpoenaed third parties concerning Xene's subpoenas, the supplier-made parts, or the discovery at issue, just as Boeing has requested communications between Xene and these third parties.

At this point, Boeing's failure to provide the basic information correlating suppliers to the identified parts, while communicating separately with the third parties from whom Xene is attempting to obtain that information, is impeding rather than facilitating Xene's discovery. Xene should not be required to pursue third parties one by one in an effort to determine which entity supplies or manufactures which Boeing part when Xene has directly sought that information from Boeing.

Accordingly, for each part Boeing has identified as supplier-made, please identify the corresponding part number and the full legal name of the supplier Boeing associates with that part. If Boeing contends it cannot identify the actual manufacturer because manufacturing may be outsourced downstream, please identify the direct supplier associated with the part and provide whatever information Boeing has identifying or relating to the downstream manufacturer. If Boeing contends that it cannot provide any of this information, please confirm that position.

Given the difficulties Xene is now encountering with multiple suppliers, this issue plainly is not resolved. More importantly, the missing information undermines the parties' compromise in connection with Xene's motion to compel, which was premised on Xene being able to pursue discovery concerning the sampled supplier-made parts. That process cannot work if Boeing does not provide the information necessary to identify the supplier associated with each part.

We are available to meet and confer on Monday or Tuesday to determine whether Boeing will promptly provide this information and cure its deficient discovery responses. If this issue cannot be resolved immediately, Xene intends to seek the Court's assistance because the present deficiencies are hindering Xene's ability to pursue the third-party discovery contemplated by the parties' compromise.

Best,
Tara

**BUNSOW DE MORY** LLP
**Celebrating 10 Years**

Tara R. Zurawski
*Counsel*
**Bunsow De Mory LLP**
+1703-828-4019 o | +1-415-426-4744 f

277 S Washington St. Suite 210, #1088 Alexandria, VA 22314

www.bdiplaw.com | tzurawski@bdiplaw.com

---

**From:** Jo Un Eom <JEom@susmangodfrey.com>
**Sent:** Wednesday, August 26, 2026 9:33 PM
**To:** Dirks, Steven <steven.dirks@kirkland.com>; Noona, Stephen E. <stephen.noona@kaufcan.com>; Andres Healy <AHealy@susmangodfrey.com>; Hollis, Amanda <ahollis@kirkland.com>
**Cc:** Stuart Pollack <SPollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <RGreene@susmangodfrey.com>
**Subject:** RE: Xene v. Boeing

**[EXTERNAL]**

Dear Steven,

At our meet and confer on 8/24/26, Xene explained that Boeing has still not provided a supplier list that corresponds to the supplier-made parts. [redacted]

[redacted] Xene also noted that, in the breakout session during the motion to compel hearing, Boeing proposed that Xene select a limited number of suppliers and then select parts corresponding to those suppliers as a means of addressing, among other things, issues concerning supplier confidentiality agreements. Accordingly, Xene understood Boeing's proposal—and its representations to the Court concerning "the order of a dozen different suppliers"—to mean that Boeing could identify the suppliers associated with the supplier-made parts.

From the meet and confer, we understood Boeing to state that (1) it does not have information identifying the suppliers and manufacturers that correspond to each of the supplier-made part numbers on the Excel sheet; but (2) Boeing will identify which part numbers fall within certain assemblies. Please confirm whether that understanding is correct. If Boeing can identify the supplier or manufacturer associated with any of the supplier-made part numbers, please provide that information.

We also understood Boeing to state that it does not track whether a supplier or manufacturer in turn outsources manufacture of a part to another entity, and therefore may not know the identity of any downstream manufacturer. Please confirm whether that is Boeing's position. If so, please also confirm whether Boeing understands that information identifying any such downstream manufacturer would be available from the supplier or manufacturer Boeing does identify.

Also, please confirm whether the entities referenced in the two documents you sent us are the only suppliers or manufacturers that provide any of the supplier-made parts listed in Boeing's Excel sheet. If not, please identify the additional suppliers or manufacturers, including their full legal names, and the parts with which they are associated.

Thanks,

Jo

Jo Un Eom | **Susman Godfrey L.L.P.**
(310) 789-3184 | jeom@susmangodfrey.com

**From:** Jo Un Eom
**Sent:** Friday, August 21, 2026 5:21 PM
**To:** Dirks, Steven <steven.dirks@kirkland.com>; Noona, Stephen E. <stephen.noona@kaufcan.com>; Andres Healy <AHealy@susmangodfrey.com>; Hollis, Amanda <ahollis@kirkland.com>
**Cc:** Stuart Pollack <spollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <rgreene@susmangodfrey.com>
**Subject:** RE: Xene v. Boeing

Hi Steven,

[redacted] We would like to meet and confer about this issue on our scheduled call on Monday (8/24).

Best,

Jo

Jo Un Eom | **Susman Godfrey L.L.P.**
(310) 789-3184 | jeom@susmangodfrey.com

---

**From:** Dirks, Steven <steven.dirks@kirkland.com>
**Sent:** Friday, August 21, 2026 1:53 PM
**To:** Jo Un Eom <JEom@susmangodfrey.com>; Noona, Stephen E. <stephen.noona@kaufcan.com>; Andres Healy <AHealy@susmangodfrey.com>; Hollis, Amanda <ahollis@kirkland.com>
**Cc:** Stuart Pollack <SPollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <RGreene@susmangodfrey.com>
**Subject:** RE: Xene v. Boeing

EXTERNAL Email

Jo,

Supplier information is provided at least in [redacted] As for the applications, we are diligently investigating and will provide a further update as soon as possible.

Best,
Steven

**Steven Dirks**

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave, N.W., Washington, D.C. 20004
**T** +1 202 389 3024 **M** +1 202 531 9787
**F** +1 202 389 5200

steven.dirks@kirkland.com

---

**From:** Jo Un Eom <JEom@susmangodfrey.com>
**Sent:** Thursday, August 20, 2026 1:11 PM
**To:** Dirks, Steven <steven.dirks@kirkland.com>; Noona, Stephen E. <stephen.noona@kaufcan.com>; Andres Healy <AHealy@susmangodfrey.com>; Hollis, Amanda <ahollis@kirkland.com>
**Cc:** Stuart Pollack <SPollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <RGreene@susmangodfrey.com>
**Subject:** RE: Xene v. Boeing

Dear Steven,

We are writing to follow up on our email below regarding the list of suppliers and your August 7 email where you state that you would follow up with more information about applications relating to deviations.

Best,

Jo

Jo Un Eom | **Susman Godfrey L.L.P.**
(310) 789-3184 | jeom@susmangodfrey.com

---

**From:** Jo Un Eom
**Sent:** Saturday, August 15, 2026 10:40 AM
**To:** Dirks, Steven <steven.dirks@kirkland.com>; Noona, Stephen E. <stephen.noona@kaufcan.com>; Andres Healy <AHealy@susmangodfrey.com>; Hollis, Amanda <ahollis@kirkland.com>
**Cc:** Stuart Pollack <spollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <rgreene@susmangodfrey.com>
**Subject:** RE: Xene v. Boeing

Dear Steven,

Thank you for the revised list. We do not understand your response as to the second part. Does Boeing not have the supplier information for these supplier-made parts? Boeing had mentioned there being "the order of a dozen different suppliers" for these parts. *See* Tr. 49:16-20. Where is this list of suppliers Boeing referred to in the motion to compel hearing? *See* Tr. 49: 6-15.

Thanks,

Jo

Jo Un Eom | **Susman Godfrey L.L.P.**
(310) 789-3184 | jeom@susmangodfrey.com

**From:** Dirks, Steven <steven.dirks@kirkland.com>
**Sent:** Friday, August 14, 2026 6:55 PM
**To:** Jo Un Eom <JEom@susmangodfrey.com>; Noona, Stephen E. <stephen.noona@kaufcan.com>; Andres Healy <AHealy@susmangodfrey.com>; Hollis, Amanda <ahollis@kirkland.com>
**Cc:** Stuart Pollack <SPollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <RGreene@susmangodfrey.com>
**Subject:** RE: Xene v. Boeing

EXTERNAL Email

Jo,

Please see the attached supplier part numbers list, which is marked HC-AEO. This includes the columns from the prior parts list. We will produce this with a bates number in the next few days. As to your second question, we have looked into it and have not identified to date any version of this list that includes the suppliers.

Best,
Steven

**Steven Dirks**

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave, N.W., Washington, D.C. 20004
**T** +1 202 389 3024 **M** +1 202 531 9787
**F** +1 202 389 5200

steven.dirks@kirkland.com

**From:** Jo Un Eom <JEom@susmangodfrey.com>
**Sent:** Friday, August 14, 2026 12:57 PM
**To:** Dirks, Steven <steven.dirks@kirkland.com>; Noona, Stephen E. <stephen.noona@kaufcan.com>; Andres Healy <AHealy@susmangodfrey.com>; Hollis, Amanda <ahollis@kirkland.com>
**Cc:** Stuart Pollack <SPollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <RGreene@susmangodfrey.com>
**Subject:** RE: Xene v. Boeing

Counsel:

We are following up on our request for the revised parts list. As we noted below, the revised parts list Mr. Dirks sent on 8/5 omits columns that were included in the prior version. Additionally, the list does not include the relevant supplier/manufacturer of each part.

Thanks,

Jo

Jo Un Eom | **Susman Godfrey L.L.P.**
(310) 789-3184 | jeom@susmangodfrey.com

---

**From:** Dirks, Steven <steven.dirks@kirkland.com>
**Sent:** Friday, August 7, 2026 10:28 PM
**To:** Noona, Stephen E. <stephen.noona@kaufcan.com>; Andres Healy <AHealy@susmangodfrey.com>; Hollis, Amanda <ahollis@kirkland.com>
**Cc:** Stuart Pollack <SPollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <RGreene@susmangodfrey.com>; Jo Un Eom <JEom@susmangodfrey.com>
**Subject:** RE: Xene v. Boeing

EXTERNAL Email
Andres,

Boeing expects to produce additional Controlling Engineering Documents, including Process Departures and Process Control Drawings for the accused products by mid-next week. We will follow up next week with more information about applications relating to deviations and your requests related to the parts list.

Best,

**Steven Dirks**

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave, N.W., Washington, D.C. 20004
**T** +1 202 389 3024 **M** +1 202 531 9787
**F** +1 202 389 5200

steven.dirks@kirkland.com

---

**From:** Noona, Stephen E. <stephen.noona@kaufcan.com>
**Sent:** Friday, August 7, 2026 5:10 PM
**To:** Andres Healy <AHealy@susmangodfrey.com>; Hollis, Amanda <ahollis@kirkland.com>
**Cc:** Stuart Pollack <SPollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Dirks, Steven <steven.dirks@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <RGreene@susmangodfrey.com>; Jo Un Eom <JEom@susmangodfrey.com>
**Subject:** RE: Xene v. Boeing [IMAN-IMANACTIVE.FID1632904]

Andres/Tara: As for the filing/proposed order, they are fine and you may append my signature for Boeing. I understand that Kirkland will respond to your questions soon. Thanks,...SEN.

Stephen E. Noona
Member

**Kaufman & Canoles, P.C.**
stephen.noona@kaufcan.com

T. (757) 624.3239
F. (888) 360.9092
150 W. Main Street, Suite 2100
Norfolk, VA 23510
www.kaufCAN.com
LinkedIn

KAUFMAN & CANOLES
we can. and we will.

**From:** Andres Healy <AHealy@susmangodfrey.com>
**Sent:** Friday, August 7, 2026 2:57 PM
**To:** Hollis, Amanda <ahollis@kirkland.com>
**Cc:** Noona, Stephen E. <stephen.noona@kaufcan.com>; Stuart Pollack <SPollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Dirks, Steven <steven.dirks@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <RGreene@susmangodfrey.com>; Jo Un Eom <JEom@susmangodfrey.com>; Andres Healy <AHealy@susmangodfrey.com>
**Subject:** RE: Xene v. Boeing

Amanda,

Attached is a draft submission to the Court notifying it of our agreement. Also attached is a proposed order. Please confirm we have Boeing's permission to file. If so, please let us know whose signature to use for Boeing.

Otherwise, we disagree with your characterization of Boeing's representations regarding its production of all Controlling Engineering Documents for its carbon fiber parts, but appreciate your confirmation that Boeing has now committed to producing such materials for the accused components/parts. Please let us know by when Boeing will do so. As part of that effort, please expedite the production of [redacted] Please also let us know by when Boeing expects to produce its "records relating to approved deviations from the Controlling Engineering Documents for composite fiber parts of the accused components, including any Process Departures, Process Control Drawings, and applications relating thereto."

Additionally, the revised parts list that Mr. Dirk sent on 8/5 omits columns that were included in the prior version. Can you please send us a version that includes that information? Also, during the hearing, you represented that Boeing has produced a list of suppliers, and "[i]f there is any gap," you "will produce it." *See* Hr'g Tr. at 49:7-15. To that end, can Boeing please also supplement the parts list that Mr. Dirk sent on 8/5 to include the relevant supplier/manufacturer of each part? Currently, neither part number excel identifies suppliers/manufacturers.

**Andres C. Healy | Susman Godfrey LLP**
206.505.3843 | ahealy@susmangodfrey.com
401 Union Street | Suite 3000 | Seattle, WA 98101
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**

*This message may be protected by the attorney client privilege or the work product doctrine.*

**From:** Hollis, Amanda <ahollis@kirkland.com>
**Sent:** Thursday, August 6, 2026 3:30 PM
**To:** Andres Healy <AHealy@susmangodfrey.com>
**Cc:** Noona, Stephen E. <stephen.noona@kaufcan.com>; Stuart Pollack <SPollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Dirks, Steven <steven.dirks@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <RGreene@susmangodfrey.com>; Jo Un Eom

<JEom@susmangodfrey.com>
**Subject:** RE: Xene v. Boeing

EXTERNAL Email

Andres,
The discussion on that page 48 of the transcript was about "the accused parts," and the "controlling engineering documents that we produced" and "that would show if foamable microcapsules were used to shape those composite parts." And on page 17, Mr. Pollack said "fuselage is … just four pieces," the "wing … is one piece." This context is not in your quotes below. But we have been working with our client to answer the question in your first paragraph, and our understanding is that we have produced or are in the process of collecting and producing the Boeing Process Specifications ("BAC"), Boeing Materials Specifications ("BMS"), Boeing Support Standards ("BSS"), Engineering Drawing Notes, and Process Control Drawings for the manufacture of the composite structural elements (i.e., skins, stringers, ribs, spars, struts) of the fuselage, wings, winglets, tailfins and fins, radome (i.e., nose and nose cone), and floor beams (at least to the extent these controlling engineering documents relate to the fabrication of composite parts).

As far as I know we have no disagreement over your statement in the second paragraph of your email.

Due to Dr. Gross's availability we cannot agree to August 26 but she can do August 28. Assuming that is still agreeable (consistent with what you said on our meet and confer call), below is what we understand will be the parties' joint proposal. Please confirm.

1. Boeing provided Xene (on August 5) with a version of the part numbers list (see Ex. 11 to our Opposition to Xene's Motion to Compel) that identifies which part numbers are the supplier-made parts numbers (removing the numbers for Boeing-made parts).
2. Boeing will make Dr. Gross available for deposition, limited to such list and the subject matter of her declaration, by August 28. Xene's time deposing Dr. Gross will count against its "up to seventy-five (75) hours of fact discovery deposition time…[and] maximum of seven (7) hours" for "[a]ny given individual" in the Scheduling Order. Given the limited scope of the deposition, Xene will not be precluded from deposing Dr. Gross regarding other matters at a future date.
3. Xene will identify up to 50 part numbers from this supplier-made part number list within one week of the deposition.
4. If Boeing has not already produced the manufacturing plans for the part number chosen by Xene, Boeing will produce those plans to the extent they are in Boeing's possession, custody, or control within three weeks of Xene identifying these part numbers.
5. To the extent that Boeing claims no manufacturing plan for a part number in #4 is within its possession, custody, or control, Xene can select another part number within 2 days of being so notified, up to a maximum total of 15 additional part numbers.

Amanda

Amanda Hollis | Kirkland & Ellis LLP
333 West Wolf Point Plaza | Chicago, IL 60654
Office: 312-862-2011 | Mobile: 773-655-7477
amanda.hollis@kirkland.com

---

**From:** Andres Healy <AHealy@susmangodfrey.com>
**Sent:** Thursday, August 6, 2026 3:56 PM
**To:** Hollis, Amanda <ahollis@kirkland.com>
**Cc:** Noona, Stephen E. <stephen.noona@kaufcan.com>; Stuart Pollack <SPollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Dirks, Steven

<steven.dirks@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <RGreene@susmangodfrey.com>; Jo Un Eom <JEom@susmangodfrey.com>; Andres Healy <AHealy@susmangodfrey.com>
**Subject:** RE: Xene v. Boeing

Following up. Please let us know Boeing's position.

**Andres C. Healy | Susman Godfrey LLP**
206.505.3843 | ahealy@susmangodfrey.com
401 Union Street | Suite 3000 | Seattle, WA 98101
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**

*This message may be protected by the attorney client privilege or the work product doctrine.*

---

**From:** Andres Healy <AHealy@susmangodfrey.com>
**Sent:** Wednesday, August 5, 2026 5:54 PM
**To:** Hollis, Amanda <ahollis@kirkland.com>
**Cc:** Noona, Stephen E. <stephen.noona@kaufcan.com>; Stuart Pollack <SPollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Dirks, Steven <steven.dirks@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <RGreene@susmangodfrey.com>; Jo Un Eom <JEom@susmangodfrey.com>; Andres Healy <AHealy@susmangodfrey.com>
**Subject:** RE: Xene v. Boeing

Amanda,

Thank you for taking the time to speak with us today. After our call, we revisited the hearing transcript and the Court's Order and wanted to confirm two points before finalizing any proposed plan. First, during the hearing, you confirmed that Boeing already had produced what Dr. Gross identified as the "Controlling Engineering Documents" for all of Boeing's carbon fiber composite parts—responding to the Court's question about whether Boeing had already "provided all the controlling engineering documents" by stating: "We have produced those documents for all of the accused parts of the supplier made ones and the Boeing made ones." Hearing Tr. at 48:5-7; *id*. at 48:16-19 ("THE COURT: Those controlling documents, it sounds like Mr. Pollack agreed that he had gotten, all of those documents have been produced; is that correct? MS. HOLLIS: Yes, Your Honor."). Given your representations to the Court, we understand that Boeing already has produced all Controlling Engineering Documents for its Boeing and supplier-made carbon fiber composite parts, including all Boeing Process Specifications ("BAC"), Materials Specifications ("BMS"), Boeing Support Standards ("BSS"), and Engineering Drawing Notes, which Dr. Gross identified as constituting Boeing's Controlling Engineering Documents. Please let us know if our understanding is incorrect.

Second, the Court's July 30 Order requires Boeing to produce "records relating to approved deviations from the Controlling Engineering Documents for composite fiber parts of the accused components, including any Process Departures, Process Control Drawings, and applications relating thereto." We understand the Order to require the production of such materials for both Boeing and supplier-made parts. Please let us know if you disagree.

Assuming Boeing confirms the above understandings, Xene is willing to agree to your proposal with the alterations below in red.

1. Boeing will provide Xene by August 5 with a version of the part numbers list (see Ex. 11 to our Opposition to Xene's Motion to Compel) that identifies which part numbers are the supplier-made parts numbers (removing the numbers for Boeing-made parts).

2. Boeing will make Dr. Gross available for deposition, limited to such list and the subject matter of her declaration, by August 26. Xene's time deposing Dr. Gross will count against its "up to seventy-five (75) hours of fact discovery deposition time…[and] maximum of seven (7) hours" for "[a]ny given individual" in the Scheduling Order. Given the limited scope of the deposition, Xene will not be precluded from deposing Dr. Gross regarding other matters at a future date.
3. Xene will identify up to 50 part numbers from this supplier-made part number list within one week of the deposition.
4. If Boeing has not already produced the manufacturing plans for the part number chosen by Xene, Boeing will produce those plans to the extent they are in Boeing's possession, custody, or control within two weeks of Xene identifying these part numbers.
5. To the extent that Boeing claims no manufacturing plan for a part number in #4 is within its possession, custody, or control, Xene can select another part number within 2 days of being so notified, up to a maximum total of 15 additional part numbers.

Please let us know by 2 pm ET tomorrow if the above is acceptable. If so, we believe the parties should be able to promptly finalize a joint submission to the Court.

**Andres C. Healy | Susman Godfrey LLP**
206.505.3843 | ahealy@susmangodfrey.com
401 Union Street | Suite 3000 | Seattle, WA 98101
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**

*This message may be protected by the attorney client privilege or the work product doctrine.*

---

**From:** Andres Healy <AHealy@susmangodfrey.com>
**Sent:** Wednesday, August 5, 2026 7:43 AM
**To:** Hollis, Amanda <ahollis@kirkland.com>
**Cc:** Noona, Stephen E. <stephen.noona@kaufcan.com>; Stuart Pollack <SPollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Dirks, Steven <steven.dirks@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <RGreene@susmangodfrey.com>; Jo Un Eom <JEom@susmangodfrey.com>; Andres Healy <AHealy@susmangodfrey.com>
**Subject:** RE: Xene v. Boeing

Thanks. I forwarded you and Mr. Noona a Zoom link for 4:30 CT. Please forward as needed.

**Andres C. Healy | Susman Godfrey LLP**
206.505.3843 | ahealy@susmangodfrey.com
401 Union Street | Suite 3000 | Seattle, WA 98101
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**

*This message may be protected by the attorney client privilege or the work product doctrine.*

---

**From:** Hollis, Amanda <ahollis@kirkland.com>
**Sent:** Wednesday, August 5, 2026 5:32 AM
**To:** Andres Healy <AHealy@susmangodfrey.com>
**Cc:** Noona, Stephen E. <stephen.noona@kaufcan.com>; Stuart Pollack <SPollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Dirks, Steven <steven.dirks@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <RGreene@susmangodfrey.com>; Jo Un Eom <JEom@susmangodfrey.com>
**Subject:** RE: Xene v. Boeing

EXTERNAL Email

Andres,

We can accept some but not all of your changes. Below is our counterproposal. We reverted back to "manufacturing plan" because, consistent with the Order, this is a sampling plan for the manufacturing plans, not for those other types of documents (e.g. CEDs) in your draft. If this is not agreeable please let us know if you are available for a call at 3CT, 3:30CT, or after 4:30CT today.

1. Boeing will provide Xene by August 5 with a version of the part numbers list (see Ex. 11 to our Opposition to Xene's Motion to Compel) that identifies which part numbers are the supplier-made parts numbers (removing the numbers for Boeing-made parts).
2. Boeing will make Dr. Gross available for deposition, limited to such list and the subject matter of her declaration, by September 10. Xene's time deposing Dr. Gross will count against its "up to seventy-five (75) hours of fact discovery deposition time…[and] maximum of seven (7) hours" for "[a]ny given individual" in the Scheduling Order.
3. Xene will identify up to 50 part numbers from this supplier-made part number list within one week of the deposition.
4. If Boeing has not already produced the manufacturing plans for the part number chosen by Xene, Boeing will produce those plans to the extent they are in Boeing's custody or control within three weeks of Xene identifying these part numbers.
5. To the extent that Boeing claims no manufacturing plan for a part number in #4 is within its possession, custody, or control, Xene can select another part number within 2 days of being so notified, up to a maximum total of 10 additional part numbers.

Amanda

Amanda Hollis | Kirkland & Ellis LLP
333 West Wolf Point Plaza | Chicago, IL 60654
Office: 312-862-2011 | Mobile: 773-655-7477
amanda.hollis@kirkland.com

---

**From:** Andres Healy <AHealy@susmangodfrey.com>
**Sent:** Monday, August 3, 2026 10:51 AM
**To:** Hollis, Amanda <ahollis@kirkland.com>
**Cc:** Noona, Stephen E. <stephen.noona@kaufcan.com>; Stuart Pollack <SPollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Dirks, Steven <steven.dirks@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <RGreene@susmangodfrey.com>; Andres Healy <AHealy@susmangodfrey.com>; Jo Un Eom <JEom@susmangodfrey.com>
**Subject:** RE: Xene v. Boeing

Amanda,

Thanks for your email. We can agree to Boeing's proposal with the changes/conditions in red. Let us know if these are acceptable or whether you wish to discuss.

1. Boeing will provide Xene by August 5 with a version of the part numbers list (see Ex. 11 to our Opposition to Xene's Motion to Compel) that identifies which part numbers are the supplier-made parts numbers (removing the numbers for Boeing-made parts).

2. Boeing will make Dr. Gross available for deposition, including regarding such list and the subject matter of her declaration, by August 19.
3. Xene will identify up to 50 part numbers from this supplier-made part number list within one week of the deposition.
4. Within one week of Xene identifying a part, Boeing will produce (1) all Controlling Engineering Documents for such parts, including all Boeing Process Specifications, Materials Specifications, Engineering Drawing Notes, Process Departures, and Process Control Drawings ("PCDs") for such parts, (2) all Boeing Product Standards Specifications for such parts, including all Boeing Material Specifications ("BMS"), Boeing Process Specifications ("BAC"), and Boeing Support Standards ("BSS"), and (3) all documents showing any approved deviations from the Controlling Engineering Documents for such parts, including any Process Departures, Process Control Drawings, and applications relating thereto.
5. If Boeing has already produced the documents identified in #4 for a part number Xene has chosen, Boeing will promptly inform Xene in which case Xene can select another part number within 2 days of being so notified.
6. If Boeing has not already produced the documents identified in #4 for the part number chosen by Xene, Boeing will produce those documents within one week to the extent they are in Boeing's custody or control. To the extent that Boeing claims the documents identified in #4 are not within its possession, custody, or control, Boeing will promptly identify the entity that Boeing understands has such documents and explain the basis for Boeing's contention that it lacks possession, custody, or control or the ability to obtain them. If so, Xene can select another part number within 2 days of being so notified.

Additionally, please confirm whether Boeing has produced the documents identified in #4 for all Boeing manufactured carbon fiber parts for its 787 and 777X aircraft. If not, please let us know when we can expect those.

**Andres C. Healy | Susman Godfrey LLP**
206.505.3843 | ahealy@susmangodfrey.com
401 Union Street | Suite 3000 | Seattle, WA 98101
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**

*This message may be protected by the attorney client privilege or the work product doctrine.*

---

**From:** Hollis, Amanda <ahollis@kirkland.com>
**Sent:** Friday, July 31, 2026 6:51 PM
**To:** Andres Healy <AHealy@susmangodfrey.com>; Stuart Pollack <SPollack@susmangodfrey.com>; Ryan Weiss <RWeiss@susmangodfrey.com>
**Cc:** Noona, Stephen E. <stephen.noona@kaufcan.com>; #KE-Boeing-Xene <ke-boeing-xene@kirkland.com>; Dirks, Steven <steven.dirks@kirkland.com>; Tara Zurawski <tzurawski@bdiplaw.com>; Sarah Siegel <sarahsiegel@susmangodfrey.com>; Rebekah Greene <RGreene@susmangodfrey.com>
**Subject:** Xene v. Boeing

EXTERNAL Email

Counsel,

Below is our proposed "procedure for sampling a limited set of manufacturing plans maintained by Boeing for composite fiber parts manufactured by suppliers" and "parameters to engage in such sampling." Dkt. 106. Please confirm by Monday that you agree with this. We can then propose a timeline for production of the responsive documents and information.

1. Boeing will provide Xene a version of the part numbers list (see Ex. 11 to our Opposition to Xene's Motion to Compel) that identifies which part numbers are the supplier-made parts numbers (removing the numbers for Boeing-made parts).

2. Xene will identify up to 50 part numbers from this supplier-made part number list by August 5, 2026.
3. If Boeing has already produced the manufacturing plan for a part number Xene has chosen, Boeing will promptly inform Xene in which case Xene can select another part number within 2 days of being so notified.
4. If Boeing has not already produced the manufacturing plans for the part number chosen by Xene, Boeing will produce those plans to the extent they are in Boeing's custody or control.

Amanda

Amanda Hollis | Kirkland & Ellis LLP
333 West Wolf Point Plaza | Chicago, IL 60654
Office: 312-862-2011 | Mobile: 773-655-7477
amanda.hollis@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.