**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

XENE INNOVATIONS, LLC, **UNDER SEAL**

Plaintiff,

v. Action No. 2:25cv753

THE BOEING COMPANY,

Defendant.

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on defendant's, The Boeing Company ("Boeing"), motion to compel interrogatory responses and documents under the control of plaintiff, Xene Innovations, LLC ("Xene"), filed on September 1, 2026. ECF No. 160. The motion seeks to compel Xene to supplement responses to discovery by providing information in the possession of Xene Corporation and Jerry Choe ("Choe") as they are predecessors in interest to the patent at issue and under the control of Xene. *Id.* at 5. Xene filed a response in opposition on September 15, 2026, to which Boeing replied on September 21, 2026. ECF Nos. 209, 231. For the reasons discussed below, the motion to compel, ECF No. 160, is **GRANTED in part** and **DENIED in part**.

## I. DISCUSSION

### *A. Background and Parties' Arguments*

On November 17, 2025, Xene filed a complaint alleging patent infringement claims against Boeing. ECF No. 1. In the amended complaint, filed on July 1, 2026, Xene claims that Boeing has engaged in "unauthorized use of Xene's patented method for manufacturing carbon-fiber composite parts" using expandable microcapsules in both their 787 and 777X aircraft. ECF No. 85, ¶¶ 1, 47, 56. The operative complaint alleges four counts against Boeing: (1) infringement

under 35 U.S.C. § 271(a); (2) infringement under 35 U.S.C. § 271(b); (3) infringement under 35 U.S.C. § 271(g); and (4) willful infringement under 35 U.S.C. § 284. *Id.* ¶¶ 73–257.

On September 1, 2026, Boeing moved to compel Xene to supplement its responses to Boeing's second and third sets of interrogatories and second and third sets for requests for production. ECF No. 160, at 5. Boeing seeks to compel Xene to supplement its responses with documents in the possession of Xene Corporation and Choe because they are "allegedly predecessors-in-interest of the asserted . . . [p]atent, [redacted]. *Id.* In October 2025, Xene purchased the patent from Xene Corporation and its CEO, Choe, who is also one of the inventors of the patent. ECF No. 161-1; ECF No. 209, at 4.

Boeing asserts that this relief is appropriate because Xene exercises both legal and practical control over Xene Corporation and Choe. ECF No. 160, at 8–9. Boeing further posits that no privilege applies as a basis to prevent the production of such information. *Id.* at 9–11. Alternatively, if Xene fails to supplement its discovery responses, Boeing seeks an unspecified adverse inference regarding the favorability of the unproduced information. *Id.* at 11.

Xene responded on September 15, 2026, countering that Boeing fails to establish an unmet discovery obligation as Xene sent Boeing's discovery requests to both Xene Corporation and Choe, they have both "confirmed they have no additional unproduced materials," and Boeing does not identify any allegedly missing materials. ECF No. 209, at 6–8. Nor, as Xene explains, are either Xene Corporation or Choe under Xene's control such that Xene may be compelled to produce further documents, if they exist. *Id.* Xene also clarifies that there are no unproduced documents subject to a privilege that have not been included in its privilege log and that, even if

there were, Boeing's privilege arguments are meritless. *Id.* at 8–9. Finally, Xene asserts that Boeing has failed to establish that an adverse inference is appropriate. *Id.* at 10.

***B. The nature of the discovery dispute at hand***

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Although Rule 26 does not define "relevant," relevance in the discovery context has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin., LLC*, No. 1:06cv889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)); *see Tucker v. Momentive Performance Materials USA, Inc.*, No. 2:13cv4480, 2016 WL 8252929, at *3 (S.D.W. Va. Nov. 23, 2016) (noting that the discovery standard for relevance is broader than relevance in the Federal Rules of Evidence). The Court has wide discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

When evaluating proportionality in this context, the Court looks to "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Walsh v. Kynd Hearts Home Healthcare, LLC*, No. 2:20cv630, 2022 WL 18108388, at *1 (E.D. Va. Sept. 1, 2022) (citing Fed. R. Civ. P. 26(b)(1)).

A party may move the Court to compel a party to answer interrogatories or produce documents if the nonmoving party objects to or does not respond to propounded discovery. Fed. R. Civ. P. 37(a)(3)(B). Once a party moves to compel, "the burden of proof is with the party

objecting to the discovery to establish that the challenged production should not be permitted." *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012).

The burden for a motion to compel is first on Boeing to establish that it requested discovery that has not been produced. *Doe v. Mast*, No. 3:22cv49, 2024 WL 1289705, at *2 (W.D. Va. Mar. 26, 2024). It is somewhat unclear how Xene's production thus far has been inadequate and if there are documents in Xene Corporation or Choe's possession that have not been produced. Xene contends that it forwarded Boeing's discovery requests to Xene Corporation and Choe, that both responded, and that those responsive documents were produced to Boeing.[1] ECF No. 209, at 5–7. Boeing agrees that this occurred, but questions whether further responsive documents exist. ECF No. 231, at 4. The only clear indication in any of the parties' memoranda and exhibits that responsive discovery has been withheld is Xene's claim that it withheld some documents due to various privileges which were incorporated into its privilege log. ECF No. 209, at 8–9. However, Boeing does not challenge the withholding of any of the documents currently listed in the privilege log. ECF No. 231, at 4–5.

---

[1] Xene claims that it "sent Xene Corp[oration] Boeing's discovery requests, asked it and Mr. Choe to provide any responsive materials (subject only to those objections Xene provided to Boeing in writing and which Boeing has never raised an issue with), and then provided those materials to Boeing—confirming Xene Corp[oration] and Mr. Choe had produced all they located." ECF No. 209, at 6–7. The objections Xene parenthetically references were attached to Boeing's motion and generally relate to the same issues raised in the motion to compel—Xene's control over Xene Corporation and Choe and the applicability of certain privileges. ECF No. 161-2, at 9–10.

Xene's statement that Boeing "has never raised an issue with" their objections, ECF No. 209, at 6–7, is not accurate. Not only are the objections the subject of the motion to compel, the parties also engaged in substantial communications ahead of filing the motion on that very subject in which Boeing frequently registered its complaints. *See* ECF Nos. 161-2–161-4. Accordingly, Xene's argument that the issues in the motion to compel are moot because Xene Corporation and Choe have voluntarily responded fails. *See* ECF No. 209, at 6–8. The parties agree that both Xene Corporation and Choe responded to Boeing's discovery voluntarily, but this sheds no light on the question of whether responsive documents remain in their possession and, if so, whether Xene is obligated to obtain them.

Boeing's argument instead seems to hinge on the Court issuing quasi-declaratory relief requiring Xene to "acknowledge its control" over Xene Corporation and Choe and require Xene to take greater "responsibility for locating responsive materials." *See* ECF No. 160, at 5–6. Boeing requests that the Court: "(1) dispel misconceptions about Xene's obligation to produce documents and information in Mr. Choe's and Xene [Corporation's] possession, and (2) clarify that Xene bears the consequences of Xene's, Mr. Choe's, and Xene [Corporation's] failures to produce those responsive materials." *Id.* at 6. Boeing essentially wants Xene to take greater control over Xene Corporation and Choe's document production, search their records, and engage in further production. *See* ECF No. 161-4, at 9.

Examining Xene's discovery responses, it becomes more clear why Boeing requests this relief. Xene objected to several interrogatories to the extent that they seek information outside of the custody and control of Xene because they are in the possession of Xene Corporation or Choe. *See, e.g.*, ECF No. 160-2, at 19–20. As for requests for production, Xene responded similarly, asserting that such requests should have been made under Rule 45 to those third parties directly. *See, e.g.*, ECF No. 160-4, at 10–11. Accordingly, the issue becomes whether Xene should be compelled to double check Xene Corporation's and Choe's production efforts or whether Xene may appropriately object to interrogatories and requests for production by stating that the requested information is outside of its control.

***C. Xene has the necessary control to obligate it to engage in further discovery regarding documents in the possession of Xene Corporation but not Choe.***

Under Federal Rule of Civil Procedure 34, a party may request that another party produce documents that are under its "possession, custody, or control." Fed. R. Civ. P. 34. There is no indication that any potential documents are within the possession or custody of Xene, accordingly the issue turns on whether Xene has control over any documents within the possession of Xene

Corporation and Choe. "Control does not require that the party have legal ownership or actual physical possession of the documents at issue, but rather the right, authority or practical ability to obtain the documents from a nonparty to the action." *Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13cv658, 2014 WL 1681426, at *1 (E.D. Va. Apr. 23, 2014) (quoting *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 292 (E.D. Va. 2012)) (quotation marks omitted).

Control is broadly defined and courts often look to certain factors to determine whether a party has sufficient control under Rule 34 to obtain documents from a non-party. *Benisek v. Lamone*, 320 F.R.D. 32, 34 (D. Md. 2017). Such factors include: (1) "the existence of cooperative agreements between the responding party and the non-party"; (2) "the extent to which the non-party has a stake in the outcome of the litigation"; and (3) "the non-party's history of cooperating with document requests."[2] *Id.* at 34–35. If a party has sufficient control over a third party giving it the ability to obtain responsive documents, that party's simple "response that it has produced all documents in its possession, custody or control does not comply with Rule 34." *Suh v. Healthcare Co.*, No. 7:02cv166, 2010 WL 11622621, at *2 (E.D.N.C. June 8, 2010).

Boeing argues that Xene has control over documents in the possession of both Xene Corporation and Choe for several reasons. First, Boeing contends that the Patent Purchase and License Agreement ("PPLA") between Xene and Xene Corporation is [redacted]. ECF No. 160, at 8; ECF No. 231, at 3. Second, Boeing claims that both Xene Corporation and Choe have [redacted]. ECF

---

[2] Courts have also looked to other factors when analyzing the control a party may have over a related corporation. *See Flame S.A.*, 2014 WL 1681426, at *1. However, as Xene and Xene Corporation are not alleged to be related corporations (parent, sister, subsidiary), *see generally* ECF No. 85; ECF No. 209, at 7, 10, such factors need not be applied in this instance.

No. 160, at 8 (citing ECF No. 161-1, at 4). Finally, Boeing cites to both Xene's assertion that [redacted] as proof of Xene's "demonstrated ability to request and obtain documents" from both Xene Corporation and Choe. *Id.* at 8–9 (quotation omitted).

The PPLA obligates Xene Corporation as the "seller" to [redacted] ECF No. 161-1, at 6. Quite plainly, this language envisions that [redacted]. *Id.* This language does not, however, provide that Xene Corporation will [redacted].

The PPLA also appears to [redacted]. *See id.* Though [redacted],[3] *id.* at 2, there is no indication that this agreement binds Choe in his personal capacity to the same production obligations [redacted]. The first factor, accordingly, weighs in favor of Xene's control over Xene Corporation's documents, but not Choe's.

Regarding financial stakes in the outcome of this litigation, [redacted] The PPLA outlines [redacted]

---

[3] As the CEO of Xene Corporation, Choe arguably [redacted] *See* ECF No. 161-1, at 2. However, there is not enough information before the Court to determine whether [redacted].

[redacted]. *Id.* at 4. Choe, as the co-inventor and CEO of Xene Corporation, *id.* at 14, appears to [redacted] This factor weighs in the favor of Xene having the requisite control over both Xene Corporation and Choe's documents.

Xene Corporation and Choe have also demonstrated some compliance with document requests. In the present litigation, Xene represents that it requested that both Xene Corporation and Choe provide documents responsive to Boeing's discovery requests and that both responded. ECF No. 209, at 5–6. The existence of the PPLA proves that [redacted] but there is no evidence of other instances where it has been asked to do so. Nor is there any other evidence of Choe's history of cooperating with document requests. Accordingly, this limited history tends to be somewhat more neutral.[4]

The balance of the factors outlined in *Benisek* weigh two in favor of Xene's control over Xene Corporation's documents and one neutral. *See Benisek*, 320 F.R.D. at 34–35. However, those same factors weigh one against control, one in favor of control, with one neutral, as they relate to Xene's control over documents Choe possesses in his personal capacity. Accordingly, Xene has the requisite control over Xene Corporation such that it is obligated to produce documents within Xene Corporation's possession responsive to Boeing's requests under Rule 34.

[4] Boeing also asserts that Xene has control under Rule 34 over Xene Corporation and Choe due to their "concomitant discovery obligations" as assignors of the patent to Xene. ECF No. 160, at 9. Boeing cites to *Southampton Pointe Prop. Owners Ass'n v. OneBeacon Ins. Co.*, No. 2:12cv3035, 2013 WL 12241830, at *3 (D.S.C. Aug. 27, 2013), for this proposition. This case is neither binding on this Court nor is it persuasive. *Southampton Pointe* does not explain the nature of the assigned right and how it implicated a concomitant discovery obligation, 2013 WL 12241830, at *3, providing insufficient information to apply that ruling to this case.

By extension, such control also extends to Xene Corporation's employees, including its CEO in his capacity as CEO. However, such control does not extend to Choe in his personal capacity.

Accordingly, Xene must produce documents subject to its control which are in the possession of Xene Corporation and its employees, including its CEO Choe. By virtue of this control arising under Rule 34, Xene is obligated to supplement its responses to Boeing's requests for production. If any such information implicates its supplementation obligation under Rule 26(e), Xene will also be obligated to supplement any other discovery responses.

***D. The privilege and adverse inference issues raised in the motion to compel are not ripe.***

Boeing additionally argues that Xene may not object to the requested discovery on the basis of attorney-client privilege, work-product protection, or the common interest doctrine. ECF No. 160, at 9. Xene produced a privilege log in this case and Boeing does not dispute the withholding of the documents within that log. ECF No. 209, at 8–9; ECF No. 231, at 4–5. Boeing instead implies that Xene has withheld communications with Xene Corporation and Mr. Choe. ECF No. 231, at 4–5 (citing ECF No. 160-7, at 10). Xene counters that it has produced all responsive documents within its possession, custody, and control that are non-privileged and that otherwise all privileged documents have been logged and will continue to be logged. ECF No. 209, at 8–9.

The Court cannot decide questions of privilege in a vacuum or based on blanket assertions of privilege. "The privilege must be made and sustained on a document-by-document basis." *United States v. Cohen*, No. CR WDQ-14-0310, 2015 WL 2261661, at *19 (D. Md. May 7, 2015) (quoting *United States v. White*, 970 F.2d 328, 334 (7th Cir.1992)). In light of the above analysis about whether documents possessed by Xene Corporation and Choe are subject to Xene's control, Xene's production requirements have changed and may bring to light further documents arguably

subject to privilege claims. However, as there are no documents before the Court now, ruling upon any claimed privilege is not appropriate at this time.

Boeing's adverse inference argument is also premature. Boeing argues that "[s]hould Xene fail to produce information or documents in Xene [Corporation's] or Mr. Choe's possession and fail to make them available for deposition," the Court should draw an adverse inference against Xene. This Court cannot rule on what has not happened. Accordingly, neither the request for an adverse inference nor any issues related to privilege are ripe for the Court's consideration.

## II. CONCLUSION

For the reasons discussed above, Boeing's motion, ECF No. 160, is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** insofar as it seeks to compel Xene to supplement its discovery responses based on its control of documents possessed by Xene Corporation and its employees, but the motion is **DENIED** insofar as relates to Choe in his personal capacity. Xene shall supplement its discovery responses in compliance with this order **no later than November 2, 2026**. Boeing's request for privilege rulings and an adverse inference is also **DENIED** as premature. The Clerk is **DIRECTED** to send a copy of this memorandum opinion and order to all counsel of record.

**IT IS SO ORDERED.**

/s/ RJK

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
October 19, 2026